IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREE N. VENTURINI, )
)
        Plaintiff, )
)
  v. )
) Civil Action No. 09-987
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of March 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 23)[1] be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 24) be, and the same hereby is, denied. This case will be remanded to the Commissioner pursuant

---

[1] Plaintiff, who is a pro se litigant, filed a "Brief in Support of [his] Case Against S.S." (Document No. 23) ("plaintiff's Brief"), but failed to file a motion for summary judgment itself. The court is mindful of its obligation to liberally construe a pro se plaintiff's pleadings and submissions, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), thus we consider plaintiff's Brief, which includes factual averments and legal argument, to include his summary judgment motion as well.

to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Memorandum Judgment Order.

When the Commissioner determines that a claimant is not disabled within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Plaintiff filed his applications for DIB and SSI on September 26, 2006, alleging disability beginning June 1, 2002. Plaintiff's
AO 72
(Rev. 8/82)

applications were denied. At plaintiff's request, an ALJ held a hearing on May 14, 2008, at which plaintiff, who was unrepresented, appeared and testified. At the hearing, the ALJ informed plaintiff of his right to representation and indicated the hearing could be postponed if plaintiff wished to obtain a representative. (R. 18). Plaintiff stated that he understood his right to representation, but elected to proceed without a representative. (R. 18).

On September 2, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on May 27, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 48 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a produce manager and a parking lot attendant, but he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and receiving his testimony at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of ankylosing spondylitis with occasional recurrent iritis, but those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1

of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ also found that plaintiff retains the residual functional capacity[2] to perform a full range of medium work (the "RFC Finding"). The ALJ then concluded that plaintiff could not perform his past work, but his vocational factors and residual functional capacity permit him to make an adjustment to other work that exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the

---

[2]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

Plaintiff argues that the ALJ erred in finding him not disabled at step 5 of the sequential evaluation process. In particular, plaintiff alleges that certain evidence has been suppressed or altered. In addition, plaintiff claims the ALJ failed to adequately develop the record because he did not issue a subpoena for records from Dr. Chris Allen, he denied plaintiff an opportunity to submit information about his work history, and he did not allow plaintiff to view or comment on the record. After reviewing the record in this case, the court concludes that plaintiff's allegation concerning the suppression or alteration of evidence is wholly unsubstantiated. In addition, plaintiff's assertions that he was denied an opportunity to submit information about his work history and precluded from viewing or commenting on the record are contradicted by the administrative hearing transcript. However, the court finds that the ALJ failed to adequately develop the record concerning plaintiff's physical

capabilities and limitations. For that reason, this case must be remanded to the Commissioner for additional development at step 5 of the sequential evaluation process.

It is well-established that "ALJs have a duty to develop a full and fair record in social security cases." Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995). The ALJ's duty to develop a full and fair record is heightened in cases where, as here, a claimant is unrepresented. Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980); Dobrowolsky, 606 F.2d at 407. In fulfilling the duty to help a pro se claimant develop the record, an ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts. Reefer, 326 F.3d at 380.

In his decision, the ALJ concluded that the evidence of record belies plaintiff's claim of total disability. In support of that conclusion, the ALJ referenced the results of three consultative examinations plaintiff underwent, and a treatment note from Dr. Nisenbaum, who plaintiff saw for his ankylosing spondylitis. (R. 13). The ALJ relied on the opinion of one of the consultative examiners, Dr. Laufe, to conclude that plaintiff has the residual functional capacity to perform the full range of medium work (R. 12), which involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§404.1567(c), 416.967(c).

Despite ultimately concluding that plaintiff has the residual functional capacity to perform medium work, the ALJ never inquired

%AO 72
(Rev. 8/82)

into plaintiff's ability to perform the physical requirements of such work. Although the ALJ generally asked plaintiff about his daily activities, (R. 39-40), and asked whether he had difficulty sitting or standing, (R. 36), he did not ask plaintiff specific questions concerning his ability to perform the physical requirements of basic work activities such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. See 20 C.F.R. §§404.1521(b)(1), 416.921(b)(1). The ALJ indicated he was interested in the practical effect of plaintiff's medical condition on his ability to work, (R. 44-45), but he never specifically asked plaintiff whether he was capable of performing particular physical activities or how long he could sustain the activities he is capable of performing. In light of the ALJ's failure to elicit specific information from this unrepresented plaintiff concerning his functional limitations, a remand is required. See Gauthney v. Shalala, 890 F. Supp. 401, 410 (E.D. Pa. 1995) (remanding where the ALJ failed to elicit testimony about the details of plaintiff's functional limitations); Pryor v. Astrue, 2009 WL 890581 (W.D. Pa. Mar. 27, 2009) (remanding where the ALJ failed to adequately develop the record by neglecting to ask the claimant specific questions concerning his functional limitations).

The court also is concerned by the ALJ's failure to obtain the medical records of Dr. Chris Allen, or to explain why he deemed it unnecessary to do so. During the administrative hearing, plaintiff indicated he tried to request medical

information from Dr. Allen, but was unable to obtain that information. (R. 24-25). Before the hearing concluded, the ALJ indicated he would get Dr. Allen's records if plaintiff completed a release form authorizing him to do so. (R. 49). There is no indication in the record if plaintiff completed the required release form, or if the ALJ made any attempt to obtain Dr. Allen's records. Although the ALJ was not required to issue a subpoena for Dr. Allen's records if he believed that such evidence was not reasonably necessary for a full presentation of the case, see 20 C.F.R. §§404.950(d)(1), 416.1450(d)(1), the ALJ did not explain if he deemed the records unnecessary or why they otherwise were not obtained.[3] This matter therefore must be addressed on remand.

On remand, the ALJ shall elicit specific testimony from plaintiff concerning his ability to perform the physical requirements of work, particularly his ability to walk, stand, sit, lift, push, pull, reach, carry and handle. Depending on plaintiff's testimony concerning his functional capabilities and limitations, the ALJ shall, if necessary, reassess plaintiff's residual functional capacity. If warranted, the ALJ shall obtain vocational expert testimony to complete his analysis of plaintiff's case. In addition, the ALJ shall consider whether Dr. Allen's records are required to fully consider plaintiff's case and, if the ALJ deems it necessary, he shall attempt to obtain

---

[3] The court recognizes that plaintiff treated with Dr. Allen prior to his alleged onset date of disability, but nevertheless concludes the ALJ should have explained why he did not obtain Dr. Allen's records after he indicated his intent to do so.

those records, or otherwise explain why they are not pertinent to his analysis.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Gustave Diamond
United States District Judge

cc: Jeffree N. Venturini
5425 Penn Avenue
Pittsburgh, PA 15206-3423

Christy Wiegand
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219